1  DANIEL MURPHY (SBN 141006)
   dmurphy@loeb.com
2  EDWARD CAPEWELL (SBN 334580)
   ecapewell@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, CA  90067
   Telephone:  310.282.2000
5  Facsimile:   310.282.2200

6  JEREMY D. MARGOLIS (PRO HAC VICE)
   jmargolis@loeb.com
7  JOSEPH J. DUFFY (PRO HAC VICE)
   jduffy@loeb.com
8  LOEB & LOEB LLP
   321 North Clark Street, Suite 2300
9  Chicago, IL  60654
   Telephone:  312.464.3100
10 Facsimile:   312.464.3111

11 Attorneys for Defendant and
   Counterclaim Plaintiff, NOBUTAKA
12 MUTAGUCHI, Individually and as
   Trustee of the NM Family Trust

13          UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15 TODD FOLLMER, as Trustee of the TF ) Case No.: 5:19-cv-01824-FLA
16 Family Trust, and JOSEPH URSO, as   ) (SHKx)
   Trustee of the JU Family Trust,     )
17                                      ) Assigned to Hon. Judge Fernando L.
            Plaintiffs,                 ) Aenlle-Rocha
18                                      )
            v.                          ) **REPLY IN SUPPORT OF**
19                                      ) **MOTION TO DISMISS FOR**
   NOBUTAKA MUTAGUCHI,                  ) **FORUM NON CONVENIENS**
20 Individually and as Trustee of the NM )
   Family Trust,                        ) [*Filed concurrently: Declaration of*
21                                      ) *Daniel Murphy; Declaration of*
            Defendant.                  ) *Nobutaka Mutaguchi*]
22 NOBUTAKA MUTAGUCHI,                  )
   Individually and as Trustee of the NM ) Date:      April 8, 2022
23 Family Trust,                        ) Time:      1:30 p.m.
                                        ) Dept.:     6B
24          Counterclaim Plaintiff,     )
                                        )
25          v.                          )
   TODD FOLLMER, as Trustee of the TF ) 
26 Family Trust, and JOSEPH URSO, as   )
   Trustee of the JU Family Trust,      )
27                                      )
            Counterclaim Defendants.    )
28 _____  )

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

For his reply to the opposition (the "Opposition") of plaintiffs and cross-defendants Todd Follmer and Joseph Urso ("Plaintiffs") to his motion to dismiss for *forum non conveniens* (the "Motion"), defendant and counterclaim plaintiff Nobutaka Mutaguchi ("Mutaguchi") submits the following:

## I. The Alleged Share Ownership of the Trusts is Fundamental to This Case, and the Forum Selection Clauses in the Documents Creating Them Govern.

The linchpin of Plaintiffs' opposition is the false assertion that the forum selection clauses in the trust documents creating the JU Family Trust and the TF Family Trust (together, the "Trusts") have no applicability because the case revolves around the obligations contained in the Fiduciary Agreement and the Shareholder Agreement.[1]  That is far from true since those agreements presume the Trusts are shareholders of TPP Capital Advisors ("TPP").  Indeed, that alleged ownership interest is what this litigation is fundamentally about.  As Mutaguchi's Answer (ECF No. 32 at ¶¶ 12, 15-22, 24-30, 32-33, 36, 40-41), Counterclaim (*id.* at ¶¶ 11, 15) and Motion for Summary Judgment (ECF No. 93 at § III(A)(2)) make clear, the Trusts are themselves shams created in 2014 and backdated by fourteen years to pretend as if they had been owners of the stock of TPP since its creation in 2000 as part of the illegal scheme to mislead the Japanese National Tax Authority (the "NTA").  Indeed, the prayer for relief in Mutaguchi's counterclaim specifically seeks a declaration, among others, that the Plaintiffs (who are suing *as trustees*) have no property interest in TPP.  (ECF No. 32 at 22:3-4.)  Since the Trusts' very existence and alleged share ownership of TPP are fundamentally at issue, the forum

---

[1] Plaintiffs' Opposition misleadingly states "Plaintiffs attached the trust documents to their Complaint. . . , but the trusts and the Trust Agreements do not form the actual basis for any of their claims other than in the sense that they are the owners."  (ECF No. 110 at 2:2-5.)  Plaintiffs continue their attempt at misdirection by stating "[t]he Trust Agreements are only referenced in and attached to the Complaint because they establish that Messrs. Follmer and Urso (and Mutaguchi) are the trustees of their respective trusts and that they are the owners of TPP."  (*Id.* at 5:24-27.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

2

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

1  selection clauses in the documents creating them govern, and Plaintiffs bear the

2  burden of establishing the existence of "extraordinary circumstances," which they

3  make no attempt to do.

4  **II.   The Forum Selection Clauses Are Not Ambiguous and Include Exactly**

5  **the Type of Dispute Currently Before the Court.**

6      The Opposition argues that the forum selection clause here is ambiguous

7  because it is in a run-on paragraph with no punctuation, and the Court "is not

8  empowered to interpret an ambiguous forum selection clause. . . ."[2]  (ECF No. 110

9  at 4:13-14.)  Regardless of the structure of the paragraph, there is nothing

10  ambiguous in the language stating that "the Proper Law of the Trust shall be the

11  laws of the British Virgin Islands the Courts of which shall be the forum for the

12  administration hereof."  *OSR Management Inc. v. Dunkin Brands, Inc.*, No. EDCV

13  08-0003 -VAP (OPx), 2008 U.S. Dist. LEXIS 81314 (C.D. Cal. Mar. 3, 2008), the

14  only case Plaintiffs cite for this proposition, has nothing to do with the current

15  situation.  In that case the language at issue was "FRANCHISEE shall have the

16  option to litigate any cause of action otherwise eligible for arbitration hereunder and

17  shall exercise said option solely by filing a complaint in any court of competent

18  jurisdiction."  *Id.*, at *3.  That was obviously not an exclusive forum selection

19  clause.

20      There is also nothing permissive rather than mandatory about this language.

21  Indeed, it would be hard to come up with language that is more mandatory than "the

22  Courts of which *shall be the forum* for the administration hereof." (ECF No. 1, Exs.

23  A-C at § 2(a) (emphasis added).)  Again, the cases cited by Plaintiffs to support this

24  argument construe language that is obviously permissive rather than mandatory.  In

25  *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co.*,

26  

---

27  [2] Any sloppiness in the language in the trust agreement is undoubtedly due to

28  the fact that Plaintiff Joseph Urso drafted it as something the parties had agreed
would never be enforced.  (*See* ECF No. 93-19, Ex. C.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

3

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

69 F.3d 1034, 1036-37 (9th Cir. 1995), the language was simply that a decision "shall be enforceable . . . in the Superior Court of the City and County of San Francisco, State of California. . . ."  In *Wixen Music UK Ltd. v. Transparence Entertainment Group Inc.*, No. 2:21-cv-02663-ODW (MRWx), 2021 WL 6065690 [2021 U.S. Dist. LEXIS 244469] (C.D. Cal. Dec. 22, 2021), the language was "[t]his Agreement shall be construed in accordance with and governed by the laws of England and Wales and the parties submit to the exclusive jurisdiction of the Courts of England and Wales."  2021 U.S. Dist. LEXIS 244469, at *16.  The court took issue with interpreting the word "submit" as mandatory as it related to choice of forum, but there is no such ambiguity here, where the forum selection clauses declare the BVI courts *"shall be the forum*." *Id*.[3]

     Plaintiffs further argue the forum selection clauses in the documents creating the trusts have no applicability because they refer to "administration" of the trusts, and nothing in our litigation bears upon administration.  To the contrary, the foundation of Plaintiffs' claims against Mutaguchi is that he breached his fiduciary duties to the Trusts.  Indeed the first paragraph of the Complaint emphasizes Mutaguchi's role as alleged fiduciary to the Trusts ( ECF No. 1 at ¶ 1), and their first cause of action is for breach of fiduciary duty (*id.* at Count 1).  Critically, as explained above, the foundation of Mutaguchi's counterclaims is that the very formation of the Trusts was a sham for an illegal purpose, and they have no interest in TPP.  Claims by a trust for breach of fiduciary duty as well as claims that a trust has been invalidly formed are the essence of trust administration.  Section 17200 of the California Probate Code, for example, authorizes trustees and beneficiaries to petition the probate court concerning the internal affairs of a trust or to determine

_____

[3] Plaintiffs cite American cases, but the trusts, assuming they are valid, are of course *BVI trusts*. Under the applicable principles of BVI law, a clause such as that in issue here will likely be construed as an exclusive jurisdiction clause in favor of the BVI: see, *Lewin on Trusts* (20th ed.) (which is a leading English text on the law of trusts) paragraphs 11-059 to 11-062, and is attached to the Declaration of Daniel Murphy, ¶ 4, Exhibit A..

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

4

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

the existence of a trust.  Cal. Prob. Code § 17200(a).  That statute also defines a trust's internal affairs as including, among many things, "[c]ompelling redress of a breach of the trust by any available remedy."  *Id*. § 17200(b)(12).[4]

The cases Plaintiffs cite are not relevant.  They cite *Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996) for the general proposition that "to act as an administrator is to perform the duties imposed, or exercise the powers conferred, by the trust documents."  Not only does this proposition relate to an administrator's duties—as opposed to "administration" generally—but that case specifically concerned whether an employer that was also an ERISA plan administrator breached a fiduciary duty as administrator when it made misrepresentations concerning the likelihood of plan termination.  *Id*. at 503-05.  They next cite *In re Wintersteen Revocable Trust Agreement*, 907 N.W.2d 785, 790 (S.D. 2018) for the definition of "administration in the context of trusts" as "'[t]he management and disposal of a trust or estate,'" although that case addressed application of a statute of limitations in the context of a very specific statutory scheme that has no relevance here.  (Citation omitted.)  They wrap up this discussion by glibly stating that "[n]one of those claims are present here."  (ECF No. 110 at 6:19.)  This is obviously not the case because, as discussed above, Mutaguchi's defenses and counterclaims are predicated on claims the Trusts were not validly constituted and do not have any share interest in TPP.  And Plaintiffs' claims are based, amongst other things, on assertions Mutaguchi has violated his fiduciary duties to the Trusts.

## III.   Mutaguchi Has Not Waived His Right to Move to Dismiss Based Upon *Forum Non Conveniens*.

---

[4] Again, the law of the BVI is to much the same effect. See, *Lewin on Trusts* (20th ed.) paragraphs 11-063 to 11-064 (the authors there endorsing "the wider construction … under which the country designated as the forum of administration has jurisdiction to resolve *any disputes relating to the trust*, whether commenced by trustees or beneficiaries." (emphasis added). *See*, Declaration of Daniel Murphy, ¶ 4, Exhibit A.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

5

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

Plaintiffs next argue Mutaguchi has waived his right to move for dismissal based upon *forum non conveniens* because he has defended this case.  Again, this argument misses the mark because delay in moving to dismiss based upon *forum non conveniens* does not result in a waiver, and the sole case Plaintiffs cite is plainly distinguishable.

The law regarding waiver is clear.  Unlike improper venue, which is based on Federal Rule of Civil Procedure 12(b), *forum non conveniens* is a discretionary common law doctrine that is not waived by a party's failure to raise it in an initial responsive pleading.  *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009) (citing numerous authorities); *Fragrance House, Inc. v. Hanjin Shipping Co.*, No. 2:14-cv-04565-R-PJW, 2014 U.S. Dist. LEXIS 183621, at *5-6 (C.D. Cal. Dec. 11, 2014) ("'A motion to dismiss based on *forum non conveniens* is not the same as a motion to dismiss for improper venue....As a result, a defendant's failure to bring a motion to dismiss on grounds of *forum non conveniens* before answering the complaint does not result in a waiver of the issue...because such motion is not a motion to dismiss "for improper venue" under Rule 12(b)(3).'")  (Citations omitted.)

While delay will thus not automatically waive a party's ability to bring a *forum non conveniens* motion, prejudicial delay is a factor the court may consider. *See, e.g.*, *Allianz Global Risks US Ins. Co. v. Ershigs, Inc.*, 138 F. Supp. 3d 1183 (W.D. Wash. 2015).  Nevertheless, Plaintiffs do not argue prejudice resulting from any delay because there has been none.  They have benefitted from the full range of discovery afforded by the Federal Rules, including depositions of the parties and one third party.  They were successful in a motion to compel discovery, and made no claim Mutaguchi failed to comply.  (*See* ECF No. 84.)  They lost a motion to strike Mutaguchi's counterclaims (*see* ECF No. 57), but there have been no other substantive decisions in this case.  Mutaguchi moved to bifurcate trial of Plaintiffs' ownership claims from their damages claims and stay discovery related to the damages claims, but the Court has not ruled on that motion.  (*See* ECF No. 80.)

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

6

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

While Mutaguchi recently moved for summary judgment (ECF No. 93), Plaintiffs have done their best to derail that motion and the trial date by moving at the eleventh hour to make substantial amendments to their complaint, a motion Mutaguchi opposed (ECF Nos. 91, 97).  Indeed, one of their justifications for moving to amend was Mutaguchi's detailed submissions regarding BVI law.  (*See* ECF No. 91 at 3:6-7.)  This motion was prompted by Mutaguchi's substantial BVI legal submissions and by Plaintiffs' motion to amend, which, if granted, will raise additional issues of BVI law.

*Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, No. 3:20-cv-1681-SI, 2021 WL 2355405 [2021 U.S. Dist. LEXIS 108095], *5-6 (D. Or. June 9, 2021), the sole case cited by Plaintiffs for the proposition that *forum non conveniens* can be waived, is not a *forum non conveniens* case concerning a foreign alternative forum—it instead concerns statutory transfer pursuant to 28 U.S.C. section 1404— and, in any event, involves radically different facts than those in this case.  There the plaintiff brought its case in the District of Oregon in the face of a Delaware contractual forum selection clause.  It moved to dismiss the defendant's counterclaims based upon a Delaware forum selection clause set out in a separate agreement only after the court denied its motion to bifurcate those claims.  2021 U.S. Dist. LEXIS 108095, at *15-16.  Based on this, the court found "[i]t was only after Edwards learned 'which way the wind was blowing' on the issues of bifurcation and stay that Edwards filed its motion to transfer venue. Under these facts, Edwards has waived or forfeited its right to challenge venue." *Id.*, at *16. Here, the only substantive decisions in the case thus far have been one by the Court denying Plaintiffs' motion to strike Mutaguchi's counterclaims and one by the Magistrate Judge granting Plaintiffs' motion to compel, as to which there is no claim Mutaguchi failed to comply.  (ECF Nos. 57 & 84.)  While Mutaguchi's motion for summary judgment is pending, neither Plaintiffs nor Mutaguchi have gotten any sense as to which way the wind is blowing.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

7

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

**IV.    Notwithstanding the Valid Forum Selection Clauses, Plaintiffs Made No Effort to Satisfy the Supreme Court's Requirement They Show Extraordinary Circumstances Disfavoring Dismissal.**

Plaintiffs acknowledge as an accurate statement of the law that in the face of a valid forum selection clause, the Court must "'adjust its analysis' by placing the burden on Plaintiffs to show that public interest factors do not favor dismissal and 'extraordinary circumstances unrelated to the convenience of the parties clearly disfavor transfer.'"  (ECF No. 110 at 4:4-12; citations omitted.)

Notwithstanding that acknowledgment, Plaintiffs neither cite nor address those extraordinary factors because they cannot:  "Extraordinary circumstances" include "a strong showing [from the plaintiff] that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'"  *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 913-15 (9th Cir. 2019) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)) (emphasis omitted).  Plaintiffs' complaints about the forum selection clauses are particularly ironic because it was plaintiff Joseph Urso who drafted them.  (*See* ECF No. 93-23, Ex. A.)

**V.    Plaintiffs have No Basis to Question Mutaguchi's Motives in Making This Motion.**

Plaintiffs question Mutaguchi's motives in making this motion, arguing that he evaded service at the outset and obstructed discovery. As a threshold matter, their concern is moot, as Mutaguchi will submit to jurisdiction in the BVI if this Motion is granted and Plaintiffs choose to re-file their claims in the BVI courts. *See* Declaration of Nobutaka Mutaguchi, filed concurrently herewith, ¶ 3. In any event, neither of Plaintiffs' arguments is valid.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

8

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

Having unsuccessfully attempted to sue Mutaguchi in Texas state court (the action was dismissed by the Texas court for want of prosecution, *see* Plaintiffs' Motion for Alternative Service, ECF No. 20 at 8: 22-27), Plaintiffs filed their Complaint in this Court (ECF No. 1) on September 23, 2019. Mutaguchi filed his Answer and Counterclaims on November 19, 2020 (ECF No. 28) (corrected version filed December 1, 2021 as ECF No. 32). There is no evidence, nor has there been any finding, that Mutaguchi "dodged" service.[5] Effecting service on any defendant is a plaintiff's obligation under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(1). Plaintiffs were aware when they sued Mutaguchi that he is a citizen and resident of Japan. Having been unsuccessful at serving Mutaguchi at properties he sometimes frequents in California and Utah, Plaintiffs chose to try serving him in Japan under the Hague Convention. That is a process known to be time-consuming, and made more so in this case by the intervention of the coronavirus pandemic.[6] Plaintiffs could have sought an order for service by alternative means under Federal Rule of Civil Procedure 4(f)(3). Service by alternative means is "neither a 'last resort' nor 'extraordinary relief'" (*see* ECF No. 21 at 3, order granting motion for alternative service citing the leading authority of *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002)). Despite having all the information they needed, they chose not to seek an order for alternative service *until August 2020* (*see* ECF No. 20). Plaintiffs therefore cannot blame Mutaguchi for delay when it was caused by their own procedural decisions.

And there was no obstruction of discovery. Mutaguchi moved to bifurcate the trial of this action to first address whether Plaintiffs have any interest whatsoever in

---

[5] Judge Percy Anderson issued four orders concerning Plaintiffs' attempts to serve Mutaguchi (ECF Nos.14, 16, 18 and 21). None contained any finding Mutaguchi had "dodged" service or include any criticism of him.

[6] As Plaintiffs admitted in their own status reports. *See*, *for example*, ECF No. 19 at 2:6-7 ("Unfortunately, the Covid-19 pandemic is likely to cause even further delay in the Japanese authorities effectuating service in Japan through the Hague Convention.")

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

9

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

TPP before addressing Plaintiffs' damages claims and to stay the extensive discovery sought by Plaintiffs regarding the finances of TPP.  (ECF No. 75.)  Based upon that motion, Mutaguchi objected to certain requests for discovery that would have been stayed if the Court had granted Mutaguchi's motion.  (Declaration of Daniel Murphy, filed concurrently herewith, ¶ 3).  Plaintiffs moved to compel responses to those discovery requests, and the Magistrate Judge granted their motion given the Court had not ruled on the bifurcation and stay motion.  (ECF No. 84.)  Plaintiffs made no claim Mutaguchi failed to comply with his discovery obligations.

## VI.   Mutaguchi's Opening Brief Demonstrated the Public Factors That Should Be Considered Where There Is a Forum Selection Clause That Supports Dismissal.

Mutaguchi will not repeat arguments he made in his opening brief regarding the public interest factor analysis.  He does note, however, that he cited *Stewart v. Manhattan Yacht Club, Inc.*, No. 16-CV-9764, 2018 U.S. Dist. LEXIS 124614, at *11 (S.D.N.Y. July 25, 2018) for the well-accepted proposition that BVI courts are an adequate alternative forum, and he supported that with information from a BVI legal expert regarding the availability there of Plaintiffs' causes of action.  Plaintiffs argue that the *Stewart* case may have found BVI to be an adequate forum, but still declined to grant the *forum non conveniens* motion.  (ECF No. 110 at 9:3-11.)  They neglect to say, however, that in the *Stewart* case, which involved an automobile accident, there was no forum selection clause as there is here, which moots the private factor analysis in *Stewart*.

Plaintiffs spend much time arguing the private factor analysis, but as Mutaguchi has argued, those private factors have no place where, as here, there is a valid forum selection clause.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS

## VII.  Conclusion.

For the foregoing reasons, Mutaguchi requests the Court to grant his motion

to dismiss the case based upon *forum non conveniens*.

Dated:  March 25, 2022

LOEB & LOEB LLP
DANIEL MURPHY
EDWARD CAPEWELL
JEREMY D. MARGOLIS
JOSEPH J. DUFFY

By: _____
Daniel Murphy
Attorneys for Defendant and
Counterclaim Plaintiff NOBUTAKA
MUTAGUCHI, Individually and as
Trustee of the NM Family Trust

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21998768.5
230189-10002

REPLY IN SUPPORT OF MOTION TO DISMISS
BASED UPON FORUM NON CONVENIENS